UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

Adrianne Rodriguez-Santiago
and other similarly situated individuals,

    Plaintiff(s),

v.

A To Z Novelty LLC,
a/k/a Crown Smoke Shop, and
Youssef Joudaane, individually,

    Defendants,
_____/

**COLLECTIVE ACTION COMPLAINT**
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff, Adrianne Rodriguez-Santiago, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants A TO Z Novelty LLC, a/k/a Crown Smoke Shop, and Youssef Joudaane, individually, and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover money damages for unpaid overtime wages and retaliation under the United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Adrianne Rodriguez-Santiago is a resident of Osceola County, Florida, within the jurisdiction of this Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant A TO Z Novelty LLC, a/k/a Crown Smoke Shop (from now on A TO Z Novelty, or Defendant) is a Florida Profit Corporation, having a business in Orange County, Florida, where Plaintiff worked for Defendant.

4. Individual Defendant Youssef Joudaane is the owner/partner/and manager of Defendant Corporation A TO Z Novelty. This individual Defendant is the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this complaint took place in Orange County, Florida, within this Court's jurisdiction.

General Allegations

6. This cause of action is brought by Plaintiff Adrianne Rodriguez-Santiago as a collective action to recover from Defendants overtime compensation, retaliatory damages, liquidated damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class")

and who worked more than forty (40) hours during one or more weeks on or after September 2021, (the "material time") without being adequately compensated.

7. Defendant A to Z Novelty is a retail company dedicated to the sale of all kinds of novelties, souvenirs, tobacco products, and smoking supplies. Defendant has one store located at 3021 N John Young Pkwy, Orlando, Florida 32084, and another store located at 4475 W Vine ST, Kissimmee, Florida 34746, where Plaintiff worked.

8. Defendants A TO Z Novelty and Youssef Joudaane employed Plaintiff Adrianne Rodriguez-Santiago as a non-exempted, full-time, hourly employee from approximately September 24, 2021, to November 01, 2021, or 5 weeks. However, for FLSA purposes, Plaintiff's relevant time of employment is 2 weeks. After October 10, 2021, Plaintiff did not work more than 40 hours weekly.

9. Plaintiff was hired as a store attendant, and she had multiple duties, including opening, and closing the store, cash register, stocking, and cleaning the store. Plaintiff had a wage rate of $10.00 an hour. Plaintiff's overtime wage rate should be $15.00 an hour.

10. Plaintiff worked under the supervision of the business owners Youssef Joudaane and Hassane LNU.

11. While employed by Defendants. Plaintiff worked 7 days per week on a regular schedule. From Monday to Friday, Plaintiff worked from 8:00 AM to 12:00 AM (16 hours each day). On Saturdays and Sundays, Plaintiff worked from 9:00 AM to 2:00 AM (17 hours each day). Plaintiff completed a minimum of 114 working hours every week. Plaintiff was unable to take bonafide lunch periods.

12. Plaintiff worked more than 40 hours every week. She was paid for almost all her hours but at her regular rate. However, Plaintiff was not compensated for overtime hours as required by law.

13. Plaintiff clocked in and out, and Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals. Defendants were in complete control of Plaintiff's schedule.

14. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half her regular rate for every hour that she worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

15. Plaintiff was paid weekly in cash without paystubs or records showing the number of days and hours worked, wage rate paid, employee taxes withheld, etc.

16. Plaintiff disagreed with the lack of payment for overtime hours, and she complained to the business owners. Plaintiff also complained about the Employer's practice of rounding down Plaintiff's clock-out times.

17. After Plaintiff complained about unpaid overtime, Defendants reduced her working hours.

18. On or about November 01, 2021, Defendants fired Plaintiff. At the time of her termination, Plaintiff's working hours had been reduced to 20 hours weekly.

19. Defendants fired Plaintiff due to her complaints about overtime hours, and they refused to pay Plaintiff her last day of work.

20. Plaintiff Adrianne Rodriguez-Santiago seeks to recover her last day of work, unpaid overtime wages for every hour worked over 40 during her entire employment, retaliatory damages, liquidated damages, and any other relief as allowable by law.

## Collective Action Allegations

21. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

22. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated

individuals the proper compensation for overtime hours at the rate of time and one-half their regular rate.

23. This action is intended to include every store attendant, office clerk, and any similarly situated individuals who worked for Defendants at any time during the past three (3) years.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION; FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

24. Plaintiff Adrianne Rodriguez-Santiago re-adopts every factual allegation stated in paragraphs 1-23 above as if set out in full herein.

25. Defendant, A TO Z Novelty was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r)(1),(2) (A), and 203(s)(1)(A). The Defendant is retail store selling novelties, souvenirs, tobacco, and smoking supplies. The Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering product and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material

hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

26. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff was a store attendant handling credit card transactions. In addition, Plaintiff, through her daily activities, regularly handled and worked on goods and materials that were moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

27. Defendants A TO Z Novelty and Youssef Joudaane employed Plaintiff Adrianne Rodriguez-Santiago as a non-exempted, full-time, hourly employee from approximately September 24, 2021, to November 01, 2021, or 5 weeks. However, for FLSA purposes, Plaintiff's relevant time of employment is 2 weeks. After October 10, 2021, Plaintiff did not work more than 40 hours weekly.

28. Plaintiff was hired as a store attendant, and she had multiple duties, including opening and closing the store, cash register, stocking, and cleaning the store. Plaintiff had a wage rate of $10.00 an hour. Plaintiff's overtime wage rate should be $15.00 an hour.

29. While employed by Defendants. Plaintiff worked a regular schedule of 7 days per week with a minimum of 114 working hours. Plaintiff was unable to take bonafide lunch periods.

30. Plaintiff worked more than 40 hours every week. She was paid for almost all her hours but at her regular rate. However, Plaintiff was not compensated for overtime hours as required by law.

31. Plaintiff clocked in and out, and Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals. Defendants were in complete control of Plaintiff's schedule.

32. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half her regular rate for every hour that she worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

33. Plaintiff was paid weekly in cash without paystubs or records showing the number of days and hours worked, wage rate paid, employee taxes withheld, etc.

34. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of Defendants. However, Defendants did not maintain accurate time records of hours worked by

Plaintiff and other employees upon information and belief. Therefore, Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

35. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 USC § 516.4.

36. Plaintiff is not in possession of time records, but she will provide a good faith estimate about her unpaid overtime hours.

    *Please note that this amount is based on preliminary calculations and that these figures could be subject to modification as discovery could dictate.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

    Seven Hundred Forty Dollars and 00/100 ($740.00)

    b. <u>Calculation of such wages</u>:

    Total period of employment: 5 weeks
    Relevant weeks of employment:  2 weeks
    Total number of hours  worked:  114 hours weekly
    Total number of unpaid O/T hours: 74 hours
    Regular rate paid: $10.00 an hour x 1.5=$15.00
    O/T rate: $15.00 - $10.00 rate paid= $5.00 half-time difference

    $5.00 Half-time x 74 O/T hours=$370.00 weekly x 2 weeks=$740.00

    c. <u>Nature of wages (e.g., overtime or straight time):</u>

This amount represents unpaid half-time overtime wages.

37. At all times, the Employers/Defendants failed to comply with Title 29 USC §207 (a) (1), in that Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, Defendants made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

38. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

39. At times mentioned, individual Defendant Youssef Joudaane was the owner/partner, and he directed A TO Z Novelty operations. Defendant Youssef Joudaane was the Employer of Plaintiff and other similarly situated individuals within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of A TO Z Novelty concerning its employees, including Plaintiff

and others similarly situated. Defendant Youssef Joudaane had financial and operational control of the business and provided Plaintiff with her work schedule. Accordingly, he is jointly and severally liable for Plaintiff's damages.

40. Defendants A TO Z Novelty and Youssef Joudaane willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half her regular rate, as required by the law of the United States and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants.

41. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorney's fee.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Adrianne Rodriguez-Santiago and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff Adrianne Rodriguez-Santiago and other similarly situated individuals against the Defendants A TO Z Novelty and Youssef Joudaane based on Defendant's willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Adrianne Rodriguez-Santiagoactual damages in the

amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## Demand for a Jury Trial

Plaintiff Adrianne Rodriguez-Santiago demands trial by a jury of all issues triable as of right by a jury.

## COUNT II:
## FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE; PURSUANT TO 29 USC 215(a)(3)

42. Plaintiff Adrianne Rodriguez-Santiago re-adopts every factual allegation as stated in paragraphs 1-23 of this complaint as if set out in full herein.

43. Defendant, A TO Z NOVELTY was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r)(1),(2) (A), and 203(s)(1)(A). The Defendant is retail store selling novelties, souvenirs, tobacco, and smoking supplies. The Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of

interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering product and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

44. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff was a store attendant handling credit card transactions. In addition, Plaintiff, through her daily activities, regularly handled and worked on goods and materials that were moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

45. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

46. 29 USC § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

47. Likewise, 29 USC 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee

because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding..."

48. Defendants A TO Z Novelty and Youssef Joudaane employed Plaintiff Adrianne Rodriguez-Santiago as a non-exempted, full-time, hourly employee from approximately September 24, 2021, to November 01, 2021, or 5 weeks. However, for FLSA purposes, Plaintiff's relevant time of employment is 2 weeks. After October 10, 2021, Plaintiff did not work more than 40 hours weekly.

49. Plaintiff was hired as a store attendant, and she had multiple duties, including opening and closing the store, cash register, stocking, and cleaning the store. Plaintiff had a wage rate of $10.00 an hour. Plaintiff's overtime wage rate should be $15.00 an hour.

50. While employed by Defendants. Plaintiff worked a regular schedule of 7 days per week with a minimum of 114 working hours. Plaintiff was unable to take bonafide lunch periods.

51. Plaintiff worked more than 40 hours every week. She was paid for almost all her hours but at her regular rate. However, Plaintiff was not compensated for overtime hours as required by law.

52. Plaintiff clocked in and out, and Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals. Defendants were in complete control of Plaintiff's schedule.

53. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half her regular rate for every hour that she worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

54. Plaintiff was paid weekly in cash without paystubs or records showing the number of days and hours worked, wage rate paid, employee taxes withheld, etc.

55. Plaintiff disagreed with the lack of payment for overtime hours, and she complained to the owners of the business. Plaintiff also complained about the Employer's practice of rounding down Plaintiff's clock-out times.

56. Plaintiff complained about October 04, 2021, to Hassan LNU. He stated that he would speak to his brother and pay by the end of the week.

57. On or about October 11, 2021, Plaintiff asked Hassan LNU again. Hassan stated that he could not talk to his brother yet.

58. These complaints constituted protected activity under the FLSA.

59. Nevertheless, after Plaintiff complained about October 11, 2021, her working hours were significantly reduced.

60. Plaintiff complained again about October 18, 2021, but she was ignored, and Defendants did not answer.

61. On or about November 01, 2021, Plaintiff asked about her check, and Defendants ignored her again. Defendants allowed Plaintiff to work the day.

62. These complaints constituted protected activity under the FLSA.

63. However, on or about November 01, 2021, around 10:30 PM, Plaintiff was fired. Defendants fired Plaintiff due to her complaints about overtime hours, and they refused to pay Plaintiff her last day of work

64. At the time of her termination, Plaintiff's working hours had been reduced to around 20 hours weekly.

65. At the time of her termination, Plaintiff was performing the essential functions of her position satisfactorily. There was no other reason than retaliation to fire her.

66. There is close proximity between Plaintiff's protected activity and her termination.

67. At times mentioned, individual Defendant Youssef Joudaane was the owner/partner, and he directed A TO Z Novelty operations. Defendant Youssef Joudaane was the Employer of Plaintiff and other similarly situated individuals within the meaning of Section 3(d) of the "Fair Labor Standards

Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of A TO Z Novelty concerning its employees, including Plaintiff and others similarly situated. Defendant Youssef Joudaane had financial and operational control of the business and provided Plaintiff with her work schedule. He is jointly and severally liable for Plaintiff's damages.

68. The motivating factor which caused Plaintiff's discharge as described above was her complaint seeking unpaid overtime wages from Defendants. In other words, Plaintiff would not have been discharged but for her complaints about unpaid overtime wages.

69. Defendants' termination of Plaintiff was in direct violation of 29 USC 215 (a)(3) and, as a direct result, Plaintiff has been damaged.

70. Plaintiff Adrianne Rodriguez-Santiago has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees.

### Prayer For Relief

Wherefore, Plaintiff Adrianne Rodriguez-Santiago respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that the Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants A TO Z Novelty and Youssef Joudaane that Plaintiff Adrianne Rodriguez-Santiago recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 USC § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants A TO Z Novelty and Youssef Joudaane to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff Adrianne Rodriguez-Santiago further prays for such additional relief as the interests of justice may require.

## Demand for a Jury Trial

Plaintiff Adrianne Rodriguez-Santiago demands trial by a jury of all issues triable as of right by a jury.

Dated: January 13, 2022　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　By: **/s/ Zandro E. Palma**
　　　　　　　　　　　　　　　　　　　　ZANDRO E. PALMA, P.A.
　　　　　　　　　　　　　　　　　　　　Florida Bar No.: 0024031
　　　　　　　　　　　　　　　　　　　　9100 S. Dadeland Blvd.
　　　　　　　　　　　　　　　　　　　　Suite 1500
　　　　　　　　　　　　　　　　　　　　Miami, FL 33156
　　　　　　　　　　　　　　　　　　　　Telephone: (305) 446-1500
　　　　　　　　　　　　　　　　　　　　Facsimile: (305) 446-1502